IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NO. 6:10-CR-62-JCB |
| vs. | § § § § | |
| MATTHEW ALLEN THOMAS (3) | § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On November 12, 2020, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Mary Ann Cozby. Defendant was represented by Assistant Federal Defender Matt Millslagle.

*Background*

After pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute at Least 5 Grams but Less than 50 Grams of Methamphetamine (Actual), a Class B felony, Defendant Matthew Allen Thomas was sentenced on March 1, 2011 by United States District Judge Leonard Davis. The offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of VI, was 92 to 115 months. Defendant was sentenced to 115 months of imprisonment to be followed by a 5-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include financial disclosures and drug aftercare.

On February 12, 2015, the term of imprisonment was reduced to 96 months. Defendant completed his term of imprisonment and started his term of supervised release on February 28,

2017. The case was re-assigned to United States District Judge J. Campbell Barker on December 6, 2019.

### *Allegations*

In the First Amended Petition seeking to revoke Defendant's supervised release, filed on October 5, 2020, United States Probation Officer Laura Palafox alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (standard condition 6): The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.** It is alleged that Defendant was terminated from his employment and changed his residence on March 17, 2017, but he failed to notify his probation officer.

2. **Allegation 2 (standard condition 7)**: **The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician**. It is alleged that Defendant submitted urine specimens on April 7, 2017 and May 8, 2017 that tested positive for methamphetamine and that he submitted a urine specimen on June 6, 2017 that tested positive for methamphetamine, amphetamine, and marijuana. It is alleged that lab tests confirmed each positive test.

3. **Allegation 3 (special condition)**: **The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer**. It is alleged that the defendant failed to attend substance abuse treatment as directed on March 22, 2017 and June 13, 2017, and that he failed to submit to a drug test as directed on June 12, 2017.

4. **Allegation 4 (mandatory condition)**: **The defendant shall not commit another federal, state, or local crime**. It is alleged that Defendant was arrested in Gregg County, Texas, on August 4, 2017 for Evading Arrest or Detention with a Motor Vehicle. It is further alleged that Defendant was convicted on August 20, 2018 and sentenced to five years in the Texas Department of Criminal Justice.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without

credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class B felony. Accordingly, the maximum imprisonment sentence that may be imposed is 3 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine or amphetamine, or by committing the offense of Evading Arrest or Detention with a Motor Vehicle as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was VI. The guidelines provide that Defendant's guideline range for a Grade B violation is 21 to 27 months of imprisonment. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by submitting urine specimens that tested positive for methamphetamine, amphetamine or marijuana, by failing to notify his probation officer of his change of residence or employment or by failing to attend substance abuse treatment and testing as directed as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of VI, the guidelines provide that Defendant's guideline range for a Grade C violation is 8 to 14 months of imprisonment.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Hearing*

On November 12, 2020, Defendant appeared for a final revocation hearing. Assistant United States Attorney Mary Ann Cozby announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 3 of the petition and to jointly request a sentence of 8 months of imprisonment followed by 1 year of supervised release, with a special condition that 6 months of the term of supervised release is to be served in a halfway house. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 3 of the petition. Defendant requested a recommendation for designation at FCI Texarkana or, alternatively, FCI La Tuna.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 3 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 8 months of imprisonment followed by 1 year of supervised release, with a special condition that 6 months of the term of supervised release is to be served in a halfway house. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

**RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 3 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 8 months of imprisonment followed by

1 year of supervised release, with a special condition that 6 months of the term of supervised release is to be served in a halfway house. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 8 months of imprisonment followed by 1 year of supervised release, with a special condition that 6 months of the term of supervised release is to be served in a halfway house.

So ORDERED and SIGNED this 12th day of November, 2020.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE