# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| v. § | |
| § | CASE NUMBER 6:10-CR-00062-JCB-JDL |
| MATTHEW ALLEN THOMAS, § | |
| § | |
| Defendant. § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On September 14, 2021, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Matthew Thomas. The government was represented by Alan Jackson, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jason Cassel, retained attorney from The Cassel Law Firm.

Defendant originally pled guilty to the offense of Conspiracy to Possess with Intent to Distribute at Least 5 Grams but Less Than 50 Grams of Methamphetamine, a Class B felony. The United States Sentencing Guideline range for this offense, based on a total offense level of 23 and a criminal history category of VI, was 92 to 115 months. On March 1, 2011 District Judge Leonard Davis sentenced Defendant to 115 months imprisonment followed by five years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure and drug after-care. On February 12, 2015, the term of imprisonment was reduced to 96 months. On February 28, 2017 Defendant completed his term of imprisonment and began his term of supervised release.

On November 18, 2020, Defendant's term of supervised release was revoked. Defendant was subsequently sentenced to 8 months imprisonment followed by one year of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure,

drug aftercare, and 180-day placement in a residential reentry center. On April 2, 2021, Defendant completed his term of imprisonment and began his term of supervised release. On April 15, 2021, Defendant's conditions of supervised release were modified to include mental health treatment.

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of a controlled substance and to participate in periodic drug testing, to reside in a residential reentry center for 180 days after release from confinement, and to attend mental health treatment counseling sessions. In Allegation 1 of its petition, the government alleges Defendant violated the conditions of his supervised release when he submitted a urine test on August 2, 2021, which tested positive for synthetic marijuana. In Allegation 2 of its petition, the government alleges Defendant violated the conditions of his supervised release when he was unsuccessfully discharged from the residential reentry center on August 11, 2021. In Allegation 3 of its petition, the government alleges Defendant violated the conditions of his supervised release when he failed to attend a scheduled meeting with his mental health counselor on May 29, 2021.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing synthetic marijuana as evidenced by his positive drug test, being unsuccessfully discharged from the residential reentry center, and failing to participate in mental health treatment, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may revoke the term of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade C violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing Defendant pled true to violating the conditions of supervision by committing the acts as alleged in Allegations 1, 2, and 3 of the government's petition. On the issue of punishment, Defendant argued for remaining on supervised release. Defendant stated that he took

the synthetic marijuana because he had been taken off of mental health medication for PTSD and was unable to get his mental health medication at the residential reentry center. Defendant argued that he should be allowed to remain on supervised release because he is finally in a good place after leaving the halfway house. He stated that his mother was a very positive influence in his recovery and that with the mental health treatment he is receiving now, he feels he can successfully complete his supervised release. Further, Defendant argued that he is more mature and is invested in taking on responsibility, as evidenced by his desire to work. Defendant stated that he missed his mental health appointment because he had just started his new job and was unsure if state parole would permit him to attend. Defendant also pointed out that he was the one to request that mental health treatment be a condition of his supervised release.

The government argued that Defendant should be imprisoned for a term within the guideline range no supervised release to follow. The government stated that it was requesting a term of imprisonment, in part, because Defendant's supervised release had previously been revoked. Specifically, the government pointed out that in the last supervised release proceeding it was alleged that Defendant had tested positive for an unlawful substance and that Defendant committed a new state offense. The government stated that it did not believe that supervised release would be effective for Defendant. The government noted that even though Defendant stated that he would succeed on supervised release while living at his mother's house, Defendant had been living at his mother's house the last time that his supervised release was revoked.

Upon consideration of the parties' arguments, the court **RECOMMENDS** that Defendant Matthew Thomas' plea of true be accepted and he be sentenced to a term of 8 months imprisonment, with no supervised release to follow. In part, the court reaches the recommendation of a term of imprisonment based upon Defendant's previous supervised release revocation. The

court also notes that shortly after being released from imprisonment due to his previous supervised release violation, he violated his renewed supervised release conditions as described above. Based upon Defendant's history of supervised release violations, the court finds that further supervised release expectations would not be in the Defendant or Unites States Probations's best interest. The court, however, takes note of the increased responsibility that Defendant has demonstrated by choosing to find employment, living with his mother in a positive environment, and requesting mental health counseling. Thus, the court recommends that Defendant serve 8 months, the lowest end of the guideline range.

## CONCLUSION

For the reasons discussed herein, the court **RECOMMENDS** that Defendant Matthew Thomas' plea of true be accepted and he be sentenced to a term of 8 months imprisonment, with no supervised release to follow. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 16th day of September, 2021.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE